IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| CALVIN L. LEWIS | * | |
| Plaintiff, | * | |
| v. | * | 3:06-CV-221-MEF |
| | | (WO) |
| RICK GAULT, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Complaining about a violation of his right to privacy and a denial of due process, Plaintiff, Calvin Lewis ["Lewis"], files this civil rights action seeking punitive damages and an investigation of the Opelika City Jail. Named as defendants are Sharon Pitts and Rick Gault. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

I. DISCUSSION

*A. The Privacy Claim*

Lewis is an inmate at the Opelika City Jail. On February 19, 2006 Lewis states that

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

he was cleaning a bathroom at the jail on a work detail. While cleaning the bathroom, Lewis proceeded to use the facilities and while so engaged, Defendant Pitts entered the bathroom. Lewis contends that Defendant Pitts's conduct violated his right to privacy.

While inmates retain certain rights of privacy under the Constitution, including the right not to be viewed naked by a member of the opposite sex when not reasonably necessary, *see Lee v. Downs,* 641 F.2d 1117, 1120 (4th Cir. 1981), *Cumbey v. Meachum,* 684 F.2d 712 (10th Cir. 1982) , Lewis's allegation fails to assert a viable Fourth Amendment violation. Assuming, *arguendo*, that Lewis actually had a right to privacy in the area in which Defendant Pitts observed him, this single incident falls far short of the Fourth Amendments' proscriptions. Consequently, this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

B.  The Due Process Claim

While Lewis's due process claim is short on details, the court understand him to allege that on February 27, 2006 he bonded out on the bathroom incident discussed, *infra*, and "was sent back to court the next week" without ever talking to an officer or having been arrested. (Doc. No. 1, pg. 3.)   Lewis maintains that this action violated his right to due process.

Lewis's allegation, as pled, does not support a cause of action against either of the named defendants with respect to the  conduct about which he complains.   While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted

2

by attorneys, Lewis's allegation is devoid of any comprehensible cause of action against Defendants Gault and Pitts, and, it is, therefore, due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). *See also Paul v. Davis*, 424 U.S. 693, 697 (1976) (to state a due process claim cognizable under § 1983, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been violated).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this complaint be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 27, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

     Done, this 15th day of March 2006.

                                **/s/ Delores R. Boyd**
                                DELORES R. BOYD
                                UNITED STATES MAGISTRATE JUDGE